# EXHIBIT

# "A"

**IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA**
**CIVIL ACTION – LAW**

| | |
|---|---|
| LESLIE REICHWEIN AND KIRK KLEVER, W/H | : COURT OF COMMON PLEAS |
| 1912 Wooded Ridge Court | : |
| Fogelsville, PA 18051 | : LEHIGH COUNTY |
| Vs. | : |
| COSTCO WHOLESALE | : |
| 999 Lake Drive | : |
| Issaquah, WA 98027 | : |
| & | : |
| COSTCO WHOLESALE CORPORATION | : |
| D/B/A COSTCO WHOLESALE | : |
| c/o CT CORPORATION SYSTYEM | : |
| 600 N. 2nd Street, Suite 401 | : |
| Harrisburg, PA 17101 | : |
| & | : |
| COSTCO WHOLESALE MEMBERSHIP, INC. | : |
| c/o CT CORPORATION SYSTYEM | : |
| 600 N. 2nd Street, Suite 401 | : |
| Harrisburg, PA 17101 | : |
| & | : |
| COSTCO | : |
| 791 N. Krocks Road | : |
| Allentown, PA 18106 | : |
| & | : |
| JOHN DOE (1) | : |
| Current address unknown | : |
| & | : |
| JOHN DOE (2) | : |
| Current address unknown | : |

**NOTICE TO PLEAD**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**LEHIGH COUNTY BAR ASSOCIATION**
**LAWYER REFERRAL SERVICE**
**1114 W. WALNUT STREET**
**ALLENTOWN, PENNSYLVANIA 18102**
**TELEPHONE: 610-433-7094**

James M. Turner, Jr., Esquire
120 E. State Street, Suite 101
Media, PA 19063
(215) 985-4500
Jturner@furiaandturner.com
Attorney for Plaintiffs

FURIA and TURNER, LLC
James M.P. Turner, Jr., Esquire
Identification No.: 39738
120 E. State Street
Media, PA 19063
(215) 985-4500
Jturner@furiaandturner.com
Attorney for Plaintiffs

THIS IS A MAJOR JURY MATTER
ASSESSMENT OF DAMAGES IS REQUIRED

| | |
|---|---|
| LESLIE REICHWEIN AND KIRK KLEVER, W/H | : COURT OF COMMON PLEAS |
| 1912 Wooded Ridge Court | : |
| Fogelsville, PA 18051 | : LEHIGH COUNTY |
| Vs. | : |
| COSTCO WHOLESALE | : |
| 999 Lake Drive | : |
| Issaquah, WA 98027 | : |
| & | : |
| COSTCO WHOLESALE CORPORATION | : |
| D/B/A COSTCO WHOLESALE | : |
| c/o CT CORPORATION SYSTYEM | : |
| 600 N. 2nd Street, Suite 401 | : |
| Harrisburg, PA 17101 | : |
| & | : |
| COSTCO WHOLESALE MEMBERSHIP, INC. | : |
| c/o CT CORPORATION SYSTYEM | : |
| 600 N. 2nd Street, Suite 401 | : |
| Harrisburg, PA 17101 | |
| & | |
| COSTCO | |
| 791 N. Krocks Road | |
| Allentown, PA 18106 : | |
| & | : |
| JOHN DOE (1) | : |
| Current address unknown | |
| & | |
| JOHN DOE (2) | |
| Current address unknown | : |

**CIVIL ACTION COMPLAINT**

1. Plaintiffs, LESLIE REICHWEIN and KIRK KLEVER are husband and wife and are adult individuals residing at all times relevant herein at 1912 Wooded Ridge Court, Fogelsville, Pennsylvania 18051.

2. Defendant, Costco Wholesale (hereinafter referred to as "Wholesale"), is, upon information and belief, a corporation, limited liability company, partnership, fictitious name or other such business entity licensed to conduct business within the Commonwealth of Pennsylvania, which, at all times relevant herein, regularly conducts business at its retail store known as "Costco," located at 791 N. Krocks Road, Allentown, PA 18106.

3. Defendant, Costco Wholesale Corporation, (hereinafter referred to as "Corporation") is, upon information and belief, a corporation, limited liability company, partnership, fictitious name or other such business entity licensed to conduct business within the Commonwealth of Pennsylvania, which, at all times relevant herein, regularly conducts business at its retail store known as "Costco," located at 791 N. Krocks Road, Allentown, PA 18106.

4. Defendant, Costco Wholesale Membership, Inc. (hereinafter referred to as "Membership"), is, upon information and belief, a corporation, limited liability company, partnership, fictitious name or other such business entity licensed to conduct business within the Commonwealth of Pennsylvania, which, at all times relevant herein, regularly conducts business at its retail store known as "Costco," located at 791 N. Krocks Road, Allentown, PA 18106.

5. Defendant, Costco, is, upon information and belief, a corporation, limited liability company, partnership, fictitious name or other such business entity licensed to conduct business within the Commonwealth of Pennsylvania, which, at all times relevant herein, regularly conducts business at its retail store known as "Costco," located at 791 N. Krocks Road, Allentown, PA 18106.

6. Defendant, John Doe (1), was at all times relevant herein, cleaning contractors, cleaning services, maintenance contractors, custodial contractors and/or property management companies who contracted with Defendants "Wholesale," "Corporation" and "Membership" to perform cleaning/maintenance/janitorial services in and around the Costco located at 791 N. Krocks Road, Allentown, PA 18106, including, but not limited to, all floors, walking surfaces, merchandise, sales displays, shelving, food products, equipment, fixtures, shopping aisles, common areas and appurtenances thereto.

7. Defendant, John Doe (2), was at all times relevant herein, a refrigeration contractor, or HVAC contractor contracted with Defendants "Wholesale," "Corporation" and "Membership" to perform maintenance, cleaning and/or other services on the refrigeration units located in the produce department in and around the Costco located at 791 N. Krocks Road, Allentown, PA 18106.

8. Plaintiff is unable to identify Defendants, John Doe (1)'s correct name and identity as of the date of the filing of this Civil Action Complaint despite exercising due diligence to identify said parties.

9. Plaintiff is unable to identify Defendants, John Doe (2)'s correct name and identity as of the date of the filing of this Civil Action Complaint despite exercising due diligence to identify said parties.

10. Upon information and belief, Defendants, "Wholesale", "Corporation" and "Membership", know the identity of Defendants, John Doe (1) and John Doe (2) and will provide this information in discovery in order that Plaintiff can amend her Complaint accordingly.

11. On or about March 17, 2024, and at all times relevant herein, Defendants, "Wholesale," "Corporation" and "Membership," upon information and belief, were the owner(s), lessor(s), lessee(s), tenant(s), and/or otherwise legally occupied the premises known as "Costco," located at 791 N. Krocks Road, Allentown, PA 18106, including all floors, walking surfaces, merchandise, sales displays, shelving, food products, equipment, fixtures, shopping aisles, common areas and appurtenances thereto.

12. On or about March 17, 2024, and for some time prior thereto, Defendants, "Wholesale", "Corporation", "Membership" and Defendants, John Doe (1) and John Doe (2), by and through their respective agents, servants, workmen, employees, and/or other representatives, acting in the course of their respective employment and authority and in the furtherance of the business of the said Defendants, were responsible for the condition of the premises known as "Costco," located at 791 N. Krocks Road, Allentown, PA 18106, including but not limited to the management, care, and maintenance of the aforesaid premises, including all floors, walking surfaces, merchandise, sales displays, shelving, food products, equipment, fixtures, shopping aisles, common areas and appurtenances thereto.

13. On the above date, and at all times relevant herein, Defendants, "Wholesale," "Corporation," "Membership" and Defendants, John Doe (1) and John Doe (2) had the duty of inspecting and maintaining the aforesaid premises, including all floors, walking surfaces, merchandise, sales displays, shelving, food products, equipment, fixtures, shopping aisles, common areas and appurtenances thereto, in a reasonably safe condition for customers to shop and for pedestrian travel, including keeping the aisles and walkways free and clear of defects and/or hazards.

14. In violation of said duty, Defendants, "Wholesale," "Corporation," "Membership" and Defendants, John Doe (1) and John Doe (2), by and through their respective agents, servants, workmen, employees, and/or other representatives as hereinbefore alleged, permitted defects, irregularities, and dangers to exist and remain in and about the area, including but not limited to water like substances that was permitted to remain on the Defendants' floor for an unreasonable amount of time and slippery liquids and/or substances on the floor of the shopping aisles near the produce department of said store, and/or other debris such as a overly slippery substance that the Defendants had placed on the floor of its store to clean the floor of said store, so as to constitute danger, hazard, nuisance and unsafe conditions for customers and pedestrians, including but not limited to the Plaintiff, LESLIE REICHWEIN.

15. Defendants, "Wholesale," "Corporation," "Membership" and Defendants, John Doe (1) and John Doe (2), by and through their respective agents, servants, workmen, employees, and/or other representatives as hereinbefore alleged, created the dangerous condition described in Paragraph 14, above, or in the alternative, had, or with the exercise of reasonable care, should and could have had knowledge or notice of the existence of the aforesaid dangerous conditions on the said premises for some time prior to the time of the incident involving the Plaintiff, which is more fully described herein.

16. On March 17, 2024, Plaintiff, LESLIE REICHWEIN, was lawfully proceeding within the premises located at 791 N. Krocks Road, Allentown, PA 18106, when she was caused to suddenly and unexpectedly slip and fall to the ground, as a result of coming into contact with a water like substance that was permitted to remain on the Defendants' floor for an unreasonable amount of time, thereby causing the Plaintiff to sustain serious bodily injuries as herein more fully set forth.

17. Notwithstanding the above and in the alternative, Defendants, "Wholesale," "Corporation," "Membership" and/or John Doe (1) and John Doe (2), by and through their respective agents, servants, workmen, employees and/or other representatives as hereinbefore alleged, with the exercise of reasonable care, should and could have been aware of the existence of the aforesaid dangerous conditions, water like substance being permitted to remain on the floor of the Defendant's store for an unreasonable amount of time prior to the incident involving the Plaintiff, which is more fully described herein.

18. Prior to the above date, and at all times relevant herein, the Defendants were aware that the produce section of its store would gather moisture on the floor of its store, either by way of the refrigeration used to preserve the produce itself being defective or leaking, or simply by the moisture from the produce itself and that this moisture on the floor of Defendants' store was a slip and fall hazard to patrons utilizing the Defendants' store, such as the Plaintiff herein.

19. Prior to the above date, and at all times relevant herein, the Defendants "Wholesale," "Corporation," "Membership" and/or John Doe (1) and John Doe (2) failed to inspect said premises to determine whether dangerous conditions such as a water like substance lying on the Defendants' floor which was located in the produce area of the store itself.

20. The aforesaid occurrence and the injuries to the Plaintiff resulting therefrom were caused by the negligence, and carelessness of the above-named Defendants, "Wholesale," "Corporation," "Membership" and/or John Doe (1) and John Doe (2), by and through their own acts and omissions as well as by and through the acts and omissions of their respective duly authorized agents, servants, workmen, employees, and/or other representatives as hereinbefore alleged, both generally and in the following particular respects:

(a) Failing to properly inspect said premises and adjacent areas, including floors, walking surfaces, merchandise, sales displays, shelving, food products, equipment, fixtures, shopping aisles, common areas and appurtenances thereto for water like substances that was remaining on its floor for an unreasonable amount of time;

(b) Failing to correct a defective and dangerous condition, such as water like substances that was remaining on its floor for an unreasonable amount of time of which they were aware or should and could have been aware;

(c) Failing to warn pedestrians such as the Plaintiff of the defective, hazardous, and dangerous condition of the said premises, floors, walking surfaces, merchandise, sales displays, shelving, food products, equipment, fixtures, shopping aisles, common areas and appurtenances thereto, such as water like substances that was remaining on its floor for an unreasonable amount of time at the point where the Plaintiff fell;

(d) Failing to maintain said premises in a condition which would protect and safeguard those legally upon the premises, such as Plaintiff, and prevent them from falling to the ground;

(e) Failing to remove and/or remedy the aforesaid defective and dangerous condition of said premises, such as a water like substance that was remaining on its floor for an unreasonable amount of time to protect and safeguard persons lawfully upon the premises, such as Plaintiff, and prevent them from falling to the ground;

(f) Allowing and permitting the aforesaid defects, danger, and/or irregularity such as a water like substance that was remaining on its floor for an unreasonable amount of time to develop and remain, so as to constitute a menace, nuisance, snare, or trap for persons lawfully upon the said premises, floors, walking surfaces, merchandise, sales displays, shelving, food products, equipment, fixtures, shopping aisles, common areas and appurtenances thereto, such as Plaintiff;

(g) Attempting to correct and/or remedy the aforesaid dangerous condition, such as a water like substance that was remaining on its floor for an unreasonable amount of time in a negligent and careless manner;

(h) Failing to properly clear the premises located at Costco, including all floors, walking surfaces, merchandise, sales displays, shelving, food products, equipment, fixtures, shopping aisles, common areas and appurtenances thereto, of hazards, protrusions, and obstructions, such as a water like substance that was remaining on its floor for an unreasonable amount of time, in order to provide a safe walkway for pedestrian travel;

(i) Permitting slippery substances, other fluids, and/or other debris to accumulate and remain on the floor of the shopping aisle and/or upon the interior walkways of said premises;

(j) Failing to properly supervise Defendants' agents, servants, workmen, employees and/or other representatives;

(k) Failing to adequately screen and/or interview Defendants' agents, servants, workmen, employees and/or other representatives;

(l) Failing to properly train Defendants' agents, servants, workmen, employees and/or other representatives;

(m) Failing to protect business invitees, customers, patrons and members of the general public, including the Plaintiff, from being injured while upon Defendants' premises;

(n) Failing to provide a safe environment for business invitees, customers, patrons and members of the general public, including the Plaintiff, while a customer on the Defendants' premises;

(o) Failing to provide sufficient numbers of employees and/or other means of assistance for business invitees, customers, patrons and members of the general public, including the Plaintiff;

(p) Exposing business invitees, customers, patrons and members of the general public, including the Plaintiff, to hazards, dangers and/or injury as the result of the acts and/or omissions of Defendants' agents, servants, workmen, employees and/or other representatives;

(q) Failing to establish, implement and/or enforce rules of conduct and procedure to be followed by Defendants' agents, servants, workmen, employees and/or other representatives, in order to provide a safe environment for business invitees, customers, patrons and members of the general public, including the Plaintiff;

(r) Breaching duties owed to business invitees, customers, patrons and members of the general public, including the Plaintiff;

(s) Such other acts and/or omissions constituting negligence that shall appear during the course of discovery pursuant to the Rules of Civil Procedure, or at any time up to and including the time of the trial of this case.

(t) Failing to prevent and correct the moisture that was permitted to gather on the floor of Defendants' store in the produce section of the store itself, which said moisture on the floor of Defendants' store would gather in the produce section

either by faulty maintenance of the refrigeration unit used to keep the produce moist or because of the moisture used to keep and preserve the produce by its employees applying said moisture to the produce itself.

21. By reason of the aforesaid negligence, and carelessness, of the Defendants as hereinbefore alleged, the Plaintiff, LESLIE REICHWEIN, suffered severe and permanent injuries to her body and limbs, including a full tear of her ulnar collateral ligament of her right thumb resulting in ligament reconstruction surgery to repair same; hyperextended/dislocated of her right thumb, the full extent of which injuries is not yet known, and some or all of which may be permanent in nature.

22. As a direct and proximate result of the negligence, and carelessness of the Defendants as described in the foregoing paragraphs of this Complaint, Plaintiff has been disabled and will in the future be disabled from performing her duties, occupations, and avocations, all to her great detriment and loss.

23. As a direct and proximate result of the negligence, and carelessness of the Defendants as described in the foregoing paragraphs of this Complaint, Plaintiff has suffered in the past and will continue to suffer in the future excruciating and agonizing pains, aches, mental anguish, humiliation, disfigurement and limitation and restriction of her usual activities, pursuits, and pleasures.

24. As a direct and proximate result of the negligence, and carelessness of the Defendants, as described in the foregoing paragraphs of this Complaint, Plaintiff has been required in the past and will continue to be required in the future to expend large amounts of money for medicine and medical attention in order to affect the cure of the aforesaid injuries.

25. As a direct and reasonable result of the incident aforesaid, the Plaintiff has or may hereafter incur other financial expenses or losses which Plaintiff may be entitled to recover.

WHEREFORE, Plaintiff, LESLIE REICHWEIN, demands judgment in her favor and against the Defendants, individually, jointly, and severally, in an amount greater than Fifty Thousand ($50,000.00) Dollars plus costs of suit.

**COUNT I**
**PLAINTIFF, KIRK KLEVER VS. DEFENDANTS**

26. Plaintiff incorporates herein by reference Paragraphs 1 through 25, inclusive, of this Civil Action Complaint as fully as though the same were set forth herein at length.

27. Solely because of the aforesaid negligence of the Defendants, by and through the actions of its employees, servants, workmen or agents, the Plaintiff, KIRK KLEVER, has been and probably will in the future be deprived of the aid, comfort, society and consortium of his wife, LESLIE REICHWEIN.

**WHEREFORE**, Plaintiff, KIRK KLEVER, demands judgment against Defendants, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

**FURIA AND TURNER, LLC**

**By:____________________________________**
**JAMES M.P. TURNER, JR., ESQUIRE**

# VERIFICATION

Leslie Reichwein, hereby verifies that I am the Plaintiff in the within action, and that the facts set forth in foregoing Pleading are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

Signed by:
Leslie Reichwein
8FFA976D47FE443...

Leslie Reichwein